FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2010 MAY 25  AM 10: 43

CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| VAL-COM ACQUISITIONS TRUST, DAVID STRAND, AND DAVID STRAND, AND DANNA DESHAZER | § § § § | |
| **Plaintiffs,** | § § § | |
| v. | § § | **4 - 1 0 CV - 3 7 0 - Y** <br> CIVIL ACTION NO. _____ |
| BANK OF AMERICA, NATIONAL ASSOCIATION AND BAC HOME LOANS SERVICING, LP | § § § | |
| **Defendants.** | § § | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendants Bank of America, National Association ("BofA") and BAC Home Loans Servicing, LP ("BAC") (collectively, "Defendants") hereby file this Notice of Removal of this action to the United States District Court for the Northern District of Texas, Fort Worth Division, and in support thereof would show unto the Court the following:

1.      Plaintiffs Val-Com Acquisition Trust ("Val-Com") David Strand ("Strand") and Danna Deshazer ("Deshazer") (collectively "Plaintiffs") filed their complaint on April 30, 2010 in the 342nd Judicial District, Tarrant County, Texas, Cause No. 342-245176-10 (the "Lawsuit").

2.      This is a civil action based upon, among other things Plaintiffs' contention that Defendants are liable for alleged violations of the Truth and Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.,* Regulation Z, 12 C.F.R. Part 226, promulgated thereunder, and the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2605, *et seq. See* pages 3-7 of the Lawsuit.

3.      Defendants were both served on May 7, 2010.

4.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Defendants file this Notice within 30 days of service of Plaintiffs' Lawsuit.

5.      This action is removable under 28 U.S.C. § 1441(b).

6.      Removal is proper because this case is a civil action involving a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiffs' claims arise under TILA, Regulation Z and RESPA.

7.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in this action and obtained by Defendants are attached hereto and marked as composite Exhibit "A," and incorporated herein by reference.

8.      A copy of this Notice of Removal has been sent to Plaintiffs and will be filed with the clerk of the 342nd Judicial District Court, Tarrant County, Texas.

9.      Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

For the above reasons, Defendants request that this Court assume full jurisdiction over this proceeding as provided for by law.

Respectfully submitted,

_____
**R. DWAYNE DANNER**
State Bar No. 00792443
**THOMAS D. GRABER**
State Bar No. 08240560
**RACHEL HYTKEN**
State Bar No. 24072163
McGlinchey Stafford, PLLC
2711 N. Haskell Ave, Suite 2700
Dallas, Texas 75204
Phone: 214.257.1700
Facsimile:  214.257.1818

**ATTORNEYS FOR DEFENDANTS BANK OF
AMERICA, NATIONAL ASSOCIATION AND
BAC HOME LOANS SERVICING, LP**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to
Plaintiffs, by and through their counsel of record, Stephen W. Tiemann, 2000 E. Lamar Blvd.,
Suite 600, Arlington, Texas 76006 via certified mail return receipt requested, on this the _25_
day of May, 2010.

_____
Thomas D. Graber

# EXHIBIT "A"

Cause No: 342-245176-10
*Val-Com Acquisitions Trust, David Strand, and Danna Deshazer v. Bank of America,*
*National Association and BAC Home Loans Servicing, LP*
342nd District Court, Tarrant County, Texas

## **INDEX OF DOCUMENTS**

1.    District Court Docket Sheet

2.    4/30/2010    Citation

3.    4/30/2010    Plaintiffs' Original Petition

321032.1

# EXHIBIT "1"

TARRANT COUNTY DISTRICT CLERK'S OFFICE
ALL TRANSACTIONS FOR A CASE

Page:    1
Date: 05/19/2010
Time: 10:59

Cause Number: 342-245176-10    Date Filed: 04/30/2010
VAL-COM ACQUISTIONS TRUST,          | v |   BANK OF AMERICA, NATIONAL
ET AL                               | s |   ASSOCIATION
Cause of Action: INJUNCTION
Case Status·····: PENDING

| Filemark | Description | | Fee Total |
|---|---|---|---|
| 04/30/2010 | PLAINTIFF'S ORIGINAL PETITION | NI | 249.00 |
| 04/30/2010 | COURT COST (PAID) trans #1 | Y | 249.00 |
| 04/30/2010 | Citation-ISSUED ON BANK OF AMERICA NATIONAL | NI | 8.00 |
| 04/30/2010 | Citation-ISSUED ON BAC HOME LOANS SERVICING LP-On | NI | 8.00 |
| 04/30/2010 | COURT COST (PAID) trans #4 | Y | 8.00 |
| 04/30/2010 | COURT COST (PAID) trans #3 | Y | 8.00 |
| 05/10/2010 | RETURNED CIT ON: BANK OF AMERICA NATL ASSOC. | I | 0.00 |
| 05/10/2010 | RETURNED CIT ON: BAC HOME LOANS SERVICING LP | I | 0.00 |

Total Number Of Records Printed:    8

# EXHIBIT "2"

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

## CITATION                    Cause No. 342-245176-10

VAL-COM ACQUISTIONS TRUST, ET AL
VS.
BANK OF AMERICA, NATIONAL ASSOCIATION

TO: BANK OF AMERICA NATIONAL ASSOCIATION

B/S REG AGENT CT CORPORATION SYSTEM 350 N. ST. PAUL ST. #2900 DALLAS, TX 752

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 342nd District Court
,200 E WEATHERFORD, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County,
Texas said PLAINTIFF being

VAL-COM ACQUISITIONS TRUST

Filed in said Court on April 30th, 2010 Against
BANK OF AMERICA NATIONAL ASSOCIATION, BAC HOME LOANS SERVICING LP

For suit, said suit being numbered 342-245176-10 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

STEPHEN W TIEMANN
Attorney for VAL-COM ACQUISITIONS TRUST Phone No. (817)275-7245
Address    2000 E LAMAR BLVD STE 600 ARLINGTON, TX 76006

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 30th day of April, 2010.

By _____ Deputy

JUANITA VEGA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 200 E WEATHERFORD, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                      _____
                              County of _____, State of _____

*CITATION*

Cause No. 342-245176-10

VAL-COM ACQUISTIONS TRUST, ET AL

VS.

BANK OF AMERICA, NATIONAL ASSOCIATION

ISSUED

This 30th day of April, 2010

Thomas A. Wilder
Tarrant County District Clerk
200 E WEATHERFORD
FORT WORTH TX 76196-0402

By        JUANITA VEGA Deputy

STEPHEN W TIEMANN
Attorney for: VAL-COM ACQUISITIONS TRUST
Phone No. (817)275-7245
ADDRESS: 2000 E LAMAR BLVD STE 600

ARLINGTON, TX 76006

*CIVIL LAW*



*3422451761000003*

SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK

# EXHIBIT "3"

CAUSE NO. _342_ _245176_ _10_

| | |
|---|---|
| VAL-COM ACQUISITIONS TRUST, | IN THE DISTRICT COURT |
| DAVID STRAND, AND | |
| DANNA DESHAZER | |
| | |
| Plaintiffs, | |
| | |
| v. | _____ JUDICIAL DISTRICT |
| | |
| BANK OF AMERICA, NATIONAL | |
| ASSOCIATION AND | |
| BAC HOME LOANS SERVICING, LP | |
| | |
| Defendants. | OF TARRANT COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Val-Com Acquisitions Trust, David Strand, and Danna Deshazer, hereinafter

called Plaintiffs, complaining of and about Bank of America, National Association and BAC Home

Loans Servicing, LP, hereinafter called Defendants, and for cause of action show the Court the

following:

### SELECTION OF DISCOVERY LEVEL

Plaintiffs plead that discovery should be conducted in accordance with a discovery control

plan under Texas Rule of Civil Procedure 190.3 (Level 2).

### PARTIES AND SERVICE OF CITATION

Plaintiff Val-Com Acquisitions Trust ("Val-Com") is a trust organized and existing under the

laws of the State of Texas, whose address is 1205 N. Saginaw Blvd. D PMB 260, Saginaw, Texas

76179.

Plaintiff David Strand ("D Strand") is an individual. The last three numbers of this Plaintiff's social security number are 328. The last three numbers of this Plaintiff's driver's license number are 254.

Plaintiff Danna Deshazer ("D Deshazer") is an individual. The last three numbers of this Plaintiff's social security number are 182. The last three numbers of this Plaintiff's driver's license number are 921.

Defendant Bank of America, National Association ("BOA") is a foreign financial institution registered and doing business in Texas and may be served with process by serving its registered agent, C T Corporation System, at its registered office, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201. Service of said Defendant as described above can be effected by personal delivery.

Defendant BAC Home Loans Servicing, LP ("BAC") is a domestic limited partnership registered and doing business in Texas and may be served with process by serving its registered agent, C T Corporation System, at its registered office, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

This Court has jurisdiction over the parties because one or more of the Plaintiffs are residents of Texas, and Defendants are domestic and foreign entities registered and doing business in Texas.

Venue in Tarrant County is proper in this cause under Section 15.002 and / or Section 15.011 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or

omissions giving rise to Plaintiffs' claims occurred in this county, or this action involves real property as provided by said Section 15.011, and this county is where all or part of the real property is located.

## FACTS

Plaintiff Val-Com is the owner of record of the real property and improvements described as follows (the "Property"):

> LOT 27, BLOCK 36, of FOSTER VILLAGE, SECTION 12, AN ADDITION TO THE CITY OF WATAUGA, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 388-130, PAGE 96, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS, and being more commonly known as 6653 Inwood Drive, Watauga, Texas 76148.

Furthermore, Plaintiff Val-Com is the authorized agent and / or attorney-in-fact of Plaintiffs D Strand and D Deshazer with respect to the Property and all transactions relating to the Property.

Plaintiffs D Strand and D Deshazer are the borrowers of a Note (the "Note") in the original principal amount of One Hundred Nineteen Thousand Nine Hundred and 00/100 Dollars ($119,900.00), and the Grantors of a Deed of Trust (the "Deed of Trust") executed as security for payment of the Note. The Deed of Trust states that the Property is security for payment of the Note.

Defendant BAC is the Current Mortgage Loan Servicer of the Note, under Loan Number 163174032-9. Defendants is the Current Mortgagee of the Note, and the Current Beneficiary of the Deed of Trust. At all material times, Defendants have been regularly and substantially engaged in the business of extending or providing for the extension of credit to consumers. By virtue of conducting this business, Defendants are creditors within the meaning of the Truth in Lending Act, 15 U.S.C. Sec. 1601 et seq., and Regulation Z, 12 C.F.R. Part 226, promulgated thereunder.

Plaintiffs D Strand and D Deshazer submitted an application for a loan to Defendants' predecessor. The loan proceeds were intended to be used by Plaintiffs D Strand and D Deshazer for personal, family, and household uses, and specifically for the purchase of a personal residence. The loan was therefore a consumer credit transaction under the Truth in Lending Act and Regulation Z. In addition, the loan applied for was federally related within the meaning of the Real Estate Settlement Procedures Act, 12 U.S.C. Sec. 2601 et seq. and 24 C.F.R. Part 3500, in that Defendants' predecessor and Defendants are institutions whose deposits are federally insured and / or Defendants' predecessor and Defendants are federally regulated.

Plaintiffs D Strand and D Deshazer executed the Note and Deed of Trust pursuant to the loan application described above. Plaintiffs D Strand and D Deshazer thereby entered into a consumer credit transaction within the meaning of the Truth in Lending Act and Regulation Z.

Plaintiffs would show based on information and belief, and based on the performance of a preliminary audit of the loan documents and closing documents relating to the Note and Deed of Trust, that Defendants' predecessor violated the provisions of the Truth in Lending Act and Regulation Z by failing to provide Plaintiffs D Strand and D Deshazer with required disclosure statements and other disclosures, and by failing to comply with procedures required by the Truth in Lending Act and Regulation Z.

Plaintiffs would show based on information and belief, and based on the performance of a preliminary audit of the loan documents and closing documents relating to the Note and Deed of Trust, that Defendants' predecessor violated the provisions of the Real Estate Settlement Procedures Act by failing to provide Plaintiffs D Strand and D Deshazer with required disclosures statements

and other disclosures, and by failing to comply with procedures required by the Real Estate Settlement Procedures Act.

Plaintiffs would show based on information and belief that when Defendant BAC became the Current Mortgage Loan Servicer, and when Defendant BOA became the Current Mortgagee and Current Beneficiary of the Deed of Trust by acquiring the Note and Deed of Trust executed by Plaintiffs D Strand and D Deshazer, the violations of the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act, were manifest in the loan documents and closing documents relating to the Note and Deed of Trust. Therefore, Defendants are liable for the violations described above.

When Plaintiffs D Strand and D Deshazer executed the Note and Deed of Trust pursuant to the loan application described above, Defendants' predecessor made oral and written representations to Plaintiffs D Strand and D Deshazer including, but not limited to, the following untrue statements of material fact:

  a)   That Plaintiffs D Strand and D Deshazer had received all information required to be disclosed to them by the Truth in Lending Act and Regulation Z;

  b)   That Plaintiffs D Strand and D Deshazer had received all information required to be disclosed to them by the Real Estate Settlement Procedures Act;

  c)   That the loan procedures and loan documents, including the Note and Deed of Trust that Plaintiffs D Strand and D Deshazer were required to sign,

complied with all of the requirements of the Truth in Lending Act and Regulation Z; and

d)    That the closing procedures and closing documents that Plaintiffs D Strand and D Deshazer were required to sign complied with all of the requirements of the Real Estate Settlement Procedures Act.

Plaintiffs would show based on information and belief that all of these representations made by Defendants' predecessor were false. When Defendants' predecessor made the representations described above, Defendants' predecessor either knew they were false or made them recklessly without any knowledge of the truth, and made them as positive assertions.

Defendants' predecessor made the representations described above with the intent of inducing Plaintiffs D Strand and D Deshazer to execute the Note and Deed of Trust.

Relying on Defendants' predecessor's representations described above, Plaintiffs D Strand and D Deshazer executed the Note and Deed of Trust. Plaintiffs D Strand and D Deshazer have a right to receive and consider all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures, and it is possible that Plaintiffs D Strand and D Deshazer would not have executed the Note and Deed of Trust but for Defendants' predecessor's representations.

Plaintiffs would show based on information and belief that when Defendant BAC became the Current Mortgage Loan Servicer, and when Defendant BOA became the Current Mortgagee and Current Beneficiary under the Deed of Trust by acquiring the Note and Deed of Trust executed by Plaintiffs D Strand and D Deshazer, the violations of the Truth in Lending Act, Regulation Z, and

the Real Estate Settlement Procedures Act were manifest in the loan documents and closing documents relating to the Note and Deed of Trust. Therefore, Defendants are liable for the untrue statements of material fact described above.

### PLAINTIFFS' CLAIM FOR VIOLATIONS OF THE TRUTH IN LENDING ACT

Defendants' predecessor's and Defendants' continuing failures to provide Plaintiffs D Strand and D Deshazer with required disclosure statements and other disclosures, and failures to comply with procedures required by the Truth in Lending Act and Regulation Z promulgated thereunder, constitute violations of the Truth in Lending Act and of Regulation Z. As a direct and proximate result of Defendants' predecessor's and Defendants' violations of the Truth in Lending Act and of Regulation Z, Plaintiffs are entitled to statutory damages under the Truth in Lending Act and Regulation Z, and have suffered actual economic damages in an amount within the jurisdictional limits of this Court.

### PLAINTIFFS' CLAIM FOR VIOLATIONS OF THE
### REAL ESTATE SETTLEMENT PROCEDURES ACT

Defendants' predecessor's and Defendants' continuing failures to provide Plaintiffs D Strand and D Deshazer with required disclosure statements and other disclosures, and failures to comply with procedures required by the Real Estate Settlement Procedures Act, constitute violations of the Real Estate Settlement Procedures Act. As a direct and proximate result of Defendants' predecessor's and Defendants' violations of the Real Estate Settlement Procedures Act, Plaintiffs have suffered actual economic damages in an amount within the jurisdictional limits of this Court.

## PLAINTIFFS' CLAIM FOR FRAUD IN A REAL ESTATE TRANSACTION

In connection with Plaintiffs D Strand's and D Deshazer's execution and delivery of the Note and Deed of Trust pursuant to the loan application described above, Defendants' predecessor made false representations of past or existing material facts. Defendants' predecessor's false representations were made to Plaintiffs D Strand and D Deshazer for the purpose of inducing them to execute the Note and Deed of Trust. Defendants' predecessor's false representations were relied on by Plaintiffs D Strand and D Deshazer in executing the Note and Deed of Trust.

Defendants' predecessor's false representations constitute violations of Section 27.01 of the Texas Business and Commerce Code, "Fraud in Real Estate and Stock Transactions".

Plaintiffs would show based on information and belief that when Defendant BAC became the Current Mortgage Loan Servicer, and when Defendant BOA became the Current Mortgagee and Current Beneficiary under the Deed of Trust by acquiring the Note and Deed of Trust executed by Plaintiffs D Strand and D Deshazer, the false representations of past or existing material facts were manifest in the loan documents and closing documents relating to the Note and Deed of Trust. Therefore, Defendants are liable for the untrue statements of material fact described above.

As a direct and proximate result of Defendants' violations of Section 27.01, Plaintiffs have suffered actual economic damages in an amount within the jurisdictional limits of this Court.

Plaintiffs would further show that Defendants' predecessor's and Defendants' false representations were made, continued, and not corrected with actual awareness by Defendants of their falsity. Therefore, Defendants are liable to Plaintiffs for exemplary damages.

## PLAINTIFFS' REQUEST FOR A DECLARATORY JUDGMENT

Plaintiffs petition this Court pursuant to the Uniform Declaratory Judgments Act ("the UDJA"), Chapter 37 of the Texas Civil Practices and Remedies Code, for construction of the Note and Deed of Trust executed by Plaintiffs D Strand and D Deshazer and held by Defendants, and a declaration that Defendants are not entitled to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale.

The UDJA provides that "its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered." Furthermore, "a person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

Plaintiffs seek a declaration from this Court that when Plaintiffs D Strand and D Deshazer executed the Note and Deed of Trust, they had a right to receive and consider all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act. Furthermore, Plaintiffs seek a declaration that Plaintiffs D Strand and D Deshazer did not receive all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act, and that Plaintiffs are currently entitled to receive and consider all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act.

Defendants are attempting to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale. Plaintiffs request that this court declare that due to Defendants' predecessor's and Defendants' continuing failures to provide Plaintiffs D Strand and D Deshazer with required disclosure statements and other disclosures, and failures to comply with procedures required by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act, Defendants are not entitled to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale.

### PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiffs would show based on information and belief, and based on the performance of a preliminary audit of the loan documents and closing documents relating to the Note and Deed of Trust, that Defendants' predecessor violated the provisions of the Truth in Lending Act and Regulation Z by failing to provide Plaintiffs D Strand and D Deshazer with required disclosure statements and other disclosures, and by failing to comply with procedures required by the Truth in Lending Act and Regulation Z.

Plaintiffs would show based on information and belief, and based on the performance of a preliminary audit of the loan documents and closing documents relating to the Note and Deed of Trust, that Defendants' predecessor violated the provisions of the Real Estate Settlement Procedures Act by failing to provide Plaintiffs D Strand and D Deshazer with required disclosures statements and other disclosures, and by failing to comply with procedures required by the Real Estate Settlement Procedures Act.

Plaintiffs would show based on information and belief that when Defendant BAC became the

Current Mortgage Loan Servicer, and when Defendant BOA became the Current Mortgagee and Current Beneficiary under the Deed of Trust by acquiring the Note and Deed of Trust executed by Plaintiffs D Strand and D Deshazer, the violations of the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act, were manifest in the loan documents and closing documents relating to the Note and Deed of Trust. Therefore, Defendants are liable for the violations described above.

When Plaintiffs D Strand and D Deshazer executed the Note and Deed of Trust, they had a right to receive and consider all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act. Furthermore, Plaintiffs D Strand and D Deshazer did not receive all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act. Furthermore, Plaintiffs are currently entitled to receive and consider all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act.

Defendants have threatened irreparable harm to Plaintiffs' rights and property interests by attempting to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale. Specifically, Defendants have posted the Property for a non-judicial foreclosure sale on Tuesday, May 4, 2010.

Defendants' conduct is wrongful because Defendants have known or should have known that Plaintiffs D Strand and D Deshazer executed the Note and Deed of Trust without receiving all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the

Real Estate Settlement Procedures Act, and without the benefit of the procedures required by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act.

Plaintiffs will continue to be damaged and injured by Defendants' conduct until they receive the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act, and receive the benefits of the procedures required by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act.

Plaintiffs require injunctive relief to prevent Defendants from benefiting from violations of the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act.

Plaintiffs have alleged multiple causes of action against Defendants. As indicated in this petition, Plaintiffs have shown a probable right of recovery and likelihood of success on the merits. Plaintiffs will suffer imminent, irreparable harm without Court intervention, and there is no adequate remedy at law. Without Court intervention, Plaintiffs will suffer a permanent loss of the use and benefit of the Property, and Defendants will have no reason or incentive to provide Plaintiffs with the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act, and the procedures required by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act.

Plaintiffs will suffer imminent injury that will be irreparable and for which no remedy at law exists without the protections of a temporary restraining order and injunctive relief.

The only adequate, effective, and complete relief to the Plaintiffs is to restrain Defendants from conducting a non-judicial foreclosure sale of the Property on Tuesday, May 4, 2010, or a subsequent date. Pursuant to Tex. R. Civ. P. § 680 et seq. and Tex. Civ. Prac. & Rem. Code § 65.001

et seq., and in order to preserve the status quo during the pendency of this action, the Plaintiff seeks a temporary restraining order, and upon hearing, a temporary and permanent injunction, ordering and immediately restraining the Defendants, including the Defendants' agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them (collectively, the "Restrained Parties") from conducting a non-judicial foreclosure sale of the Property on Tuesday, May 4, 2010, or a subsequent date.

## PLAINTIFFS' MOTION FOR MEDIATION

Plaintiffs request that this Court refer this suit to non-binding mediation pursuant to the Texas Civil Practice and Remedies Code, Section 154.001, et seq. and, in support thereof, show the Court the following:

Section 154.002, of the Texas Civil Practice and Remedies Code, in pertinent part, provides that "it is the policy of this State to encourage the peaceable resolution of disputes, with special consideration given to . . . the early settlement of pending litigation through voluntary settlement procedures." Section 154.003 provides that "it is the responsibility of all trial and appellate courts . . . to carry out the policy under Section 154.002."

Mediation is a non-binding confidential process. Therefore, the parties have all to gain and nothing to lose in attempting a resolution of this matter using the mediation approach. The costs of mediation should be divided equally and taxed as costs.

Plaintiffs move that the Court refer this matter to a qualified mediator or a mediators' organization as the Court determines. Mediation is defined in Section 154.023, Tex. Civ. Prac. & Rem. Code as follows:

(a)     Mediation is a forum in which an impartial person, the mediator, facilitates communication between parties to promote reconciliation, settlement, or understanding among them.

(b)     A mediator may not impose his own judgment of the issues for that of the parties.

This Court has authority to order mediation under Section 154.003, Tex. Civ. Prac. & Rem. Code, which provides that:

"A court may, on its own motion or the motion of a party, refer a pending dispute for resolution by an alternative dispute resolution procedure . . . ."

### PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES

The Plaintiffs have retained the undersigned counsel to represent them in this action and have agreed to pay the undersigned counsel reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to the Plaintiffs would be equitable and just, and is authorized by Federal law and Texas law.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that Plaintiffs be granted the following relief:

1.      A temporary restraining order, and upon hearing, a temporary injunction, ordering and immediately restraining Defendants, including the Defendants' agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them (collectively, the "Restrained Parties") from conducting a non-judicial foreclosure sale of the Property on Tuesday, May 4, 2010, or a subsequent date;

2.   Upon final trial, judgment against Defendants for full permanent injunctive relief enjoining the Defendants, including the Defendants' agents, servants, employees, independent

contractors, attorneys, representatives, and those persons or entities in active concert or participation with them (collectively, the "Enjoined Parties") from conducting a non-judicial foreclosure sale of the Property;

3.      A declaration from this Court that when Plaintiffs D Strand and D Deshazer executed the Note and Deed of Trust, they had a right to receive and consider all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act.

4.      A declaration from this Court that Plaintiffs D Strand and D Deshazer did not receive all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act, and that Plaintiffs are currently entitled to receive and consider all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act.

5.      A declaration from this Court that due to Defendants' predecessor's and Defendants' failures to provide Plaintiffs D Strand and D Deshazer with required disclosure statements and other disclosures, and failures to comply with procedures required by the Truth in Lending Act, Regulation Z, and the Real Estate Settlement Procedures Act, Defendants are not entitled to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale.

6.      Judgment against Defendants for statutory damages under the Truth in Lending Act;

7.      Judgment against Defendants for actual damages, within the jurisdictional limits of this Court;

8.  Judgment against Defendants for exemplary damages, within the jurisdictional limits of this Court;

9.  Prejudgment interest as provided by law;

10.  The Plaintiffs' reasonable and necessary attorney's fees in prosecuting their claims through trial and, if necessary, through appeal;

11.  Postjudgment interest as provided by law;

12.  All costs of suit;

13.  Such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

By: _____

Stephen W. Tiemann
Texas Bar No. 20021750
2000 E. Lamar Blvd.
Suite 600
Arlington, TX 76006
Tel. (817) 275-7245
Fax. (817) 275-1056
Email: steve@swtlaw.net
Attorney for Plaintiffs

## VERIFICATION

STATE OF TEXAS §
§
COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, personally appeared Stephen W. Tiemann, who, on

oath, stated that the statements made in the foregoing **REQUEST FOR A TEMPORARY**

**RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

are within his personal knowledge and are true and correct.

_____
Stephen W. Tiemann

SUBSCRIBED AND SWORN TO BEFORE ME on this the __30__ day of __April__,

2010, to certify which witness my hand and seal of office.



BETH MARIE LUX
Notary Public, State of Texas
My Commission Expires
October 26, 2011

_____
Notary Public, State of Texas

## CERTIFICATE PURSUANT TO LOCAL RULES

This is to certify that this case is not subject to transfer under Local Rules.

By:_____
Stephen W. Tiemann

---

Plaintiffs' Original Petition                                           Page 17

CAUSE NO. _____

| | |
|---|---|
| **VAL-COM ACQUISITIONS TRUST,** | } **IN THE DISTRICT COURT** |
| **DAVID STRAND, AND** | } |
| **DANNA DESHAZER** | } |
| | } |
| **Plaintiffs,** | } |
| | } |
| **v.** | } _____ **JUDICIAL DISTRICT** |
| | } |
| **BANK OF AMERICA, NATIONAL** | } |
| **ASSOCIATION AND** | } |
| **BAC HOME LOANS SERVICING, LP** | } |
| | } |
| **Defendants.** | } **OF TARRANT COUNTY, TEXAS** |

## PLAINTIFFS' REQUESTS FOR DISCLOSURE

TO:   Defendants Bank of America, National Association and BAC Home Loans Servicing, LP, by and through their registered agent, C T Corporation System, at its registered office, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201.

Pursuant to *Texas Rule of Civil Procedure 194*, you are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 (a), (b), (c), (d), (e), (f), (g), (h), (i), and (l).

Respectfully submitted,

By: _____

Stephen W. Tiemann
Texas Bar No. 20021750
2000 E. Lamar Blvd.
Suite 600
Arlington, TX 76006
Tel. (817) 275-7245
Fax. (817) 275-1056
Email: steve@swtlaw.net
Attorney for Plaintiffs

---

Plaintiffs' Original Petition                                                                                   Page 18

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

VAL-COM ACQUISITIONS TRUST, DAVID STRAND, AND DAVID STRAND, AND DANNA DESHAZER

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephen W. Tiemann
2000 E. Lamar Blvd., Ste. 600, Arlington, Texas 76006

## DEFENDANTS
Bank of America, N.A. and BAC Home Loans Servicing, L.P.

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)
R. Dwayne Danner and Thomas D. Graber, McGlinchey Stafford,
PLLC, 2711 N. Haskell Ave., Ste. 2700, LB 25, Dallas TX 75204

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
TILA, 15 USC, Sec. 1601, Regulation Z & RESPA 12 USC, Sec. 2601
Brief description of cause:
Plaintiffs allege failure to disclose information required by TILA, Regulation Z, and RESPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #  FW 01409  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# United States District Court
# Northern District of Texas
# Dallas Division

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1.   **State Court Information**:

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| **Court** | **Case Number** |
|---|---|
| 342nd Judicial District Court Tarrant County, Texas | 342-245176-10 |

2.   **Style of the Case:**

*Val-Com Acquisitions Trust, David Strand, and Danna Deshazer vs. Bank of America, National Association and BAC Home Loans Servicing, LP*

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

**Party and Party Type**

| **Plaintiff:** | **Attorney(s):** |
|---|---|
| Val-Com Acquisitions Trust, David Strand, and Danna Deshazer | Stephen W. Tiemann 2000 E. Lamar Blvd., Ste. 600 Arlington, Texas 76006 |

| **Defendants:** | **Attorney(s):** |
|---|---|
| Bank of America, National Association and BAC Home Loans Servicing, LP | R. Dwayne Danner State Bar No. 00792443 Thomas D. Graber State Bar No. 08240560 2711 N. Haskell Avenue, Suite 2700, LB 25 Dallas, Texas 75204 Telephone: (214) 257-1730 Facsimile:  (214) 257-1818 |

3.     **Jury Demand:**

Was a Jury Demand made in State Court?          No

If "*Yes*," by which party and on what date?

4.     **Answer:**

Was an Answer made in State Court?          No.

If "*Yes*," by which party and on what date?

5.     **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**

**Reason(s) for No Service**

None.

6.     **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**

**Reason**

None.

7.     **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|---|---|
| Val-Com Acquisitions Trust, David Strand, and Danna Deshazer | Contend that Defendants' predecessor violated provisions of the Truth in Lending Act, Reg. Z and Real Estate Settlement Procedures Act. |
| Bank of America, National Association and BAC Home Loans Servicing, LP | Contend Plaintiffs' claims are without merit. |

320840.1